**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X

**PAULINE A. ADLAM on behalf of**
**herself and all others similarly situated,**

**Plaintiff,**

**- against -**

**FMS, INC.,**

**Defendant.**

------------------------------------------------ X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/10
```

**OPINION AND ORDER**

**09 Civ. 9129 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Pauline A. Adlam brings this class action against FMS Inc. ("FMS"), alleging violations of sections 1692e(5), 1692e(10), and 1692g of the Fair Debt Collection Practices Act ("FDCPA").[1]  FMS has moved to dismiss all of Adlam's claims.  For the reasons discussed below, FMS's motion is granted.

## II.    BACKGROUND

Adlam states that "on a date better known by [FMS]," FMS began attempting to collect a consumer debt from her.[2]  The underlying original creditor, New York & Company/World Financial Network National Bank ("New York &

---

[1]    15 U.S.C. § 1692 (2009).

[2]    Complaint ("Compl.") ¶ 9.

Co."), sent Adlam a letter dated April 18, 2006, stating a debt in the amount of

$433.42.[3] New York & Co. sent Adlam another letter dated May 17, 2006, stating

the amount of the debt as $441.34.[4] FMS, a debt collector as defined by the

FDCPA,[5] sent Adlam a letter dated November 6, 2008 ("November 2008 letter"),

which sets the "TOTAL BALANCE DUE" as $552.58.[6] The November 2008

letter states in relevant part, "This is to inform you that the creditor [New York &

Co.] has placed your account with this agency with the full intention of settling this

debt."[7]

FMS engaged in other collection attempts until about June or July

2009, when Adlam's account was recalled or returned to New York & Co.[8] A

subsequent collection agency sent Adlam a letter dated July 8, 2009, in which the

amount of the debt was $578.91.[9] The November 2008 letter did not state that the

---

[3]     *See id.* ¶ 10.

[4]     *See id.* ¶ 11.

[5]     *See* 15 U.S.C. § 1692(a)(6).

[6]     *See* Compl. ¶ 12; 11/6/08 Debt Collection Letter from Defendant to
Plaintiff, Ex. B to Memorandum of Law in Support of Defendant FMS's Motion to
Dismiss ("Def. Mem."), at 1.

[7]     *Id.* at 1.

[8]     *See* Compl. ¶¶ 13, 20.

[9]     *See id.* ¶ 14.

2

balance could increase over time.[10] Adlam claims that "the accurate intention of the defendant was to 'work' the account for a set period of time and if the debt was not settled, that the account would be returned to the creditor."[11]

Adlam alleges that the November 2008 letter violates three provisions of the FDCPA. *First*, the letter violates section 1692g of the FDCPA, which requires a debt collection letter to accurately state the balance of the debt. Because the letter does not state that the balance can increase over time, it leaves the least sophisticated consumer uninformed or confused as to the amount due.[12] *Second*, the letter violates section 1692e(5), which forbids debt collectors from engaging in false threats.[13] Adlam contends that the letter falsely stated that New York & Co. assigned Adlam's account to FMS "with the full intention of settling this debt," when in fact it only intended to attempt to collect the debt for six months and then return the debt to New York & Co.[14] *Finally*, Adlam argues that, as a result of

[10] *See id.* ¶ 16; November 2008 Letter at 1.

[11] Compl. ¶ 21.

[12] *See id.* ¶¶ 16-17, 22; Memorandum of Law in Opposition to Defendant's Motion for Judgment on the Pleadings ("Opp. Mem.") at 8-9. While Adlam titled her memorandum as an opposition to judgment on the pleadings, the memorandum was clearly in response to FMS's motion to dismiss.

[13] *See* Compl. ¶ 22.

[14] *Id.* ¶¶ 18-19, 21; Opp. Mem. at 10.

3

these two violations, the November 2008 letter also violated section 1692e(10),

which prohibits debt collectors from engaging in deceptive practices.[15]

## III. APPLICABLE LAW

### A. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure, the court must "accept as true all of the factual

allegations contained in the complaint"[16] and "draw all reasonable inferences in

the plaintiff's favor."[17] However, the court need not accord "[l]egal conclusions,

deductions or opinions couched as factual allegations . . . a presumption of

truthfulness."[18]

To survive a 12(b)(6) motion to dismiss, the allegations in the

complaint must meet a standard of "plausibility."[19] A claim is facially plausible

"when the plaintiff pleads factual content that allows the court to draw the

---

[15]     *See* Compl. ¶ 22.

[16]     *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). *Accord Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009).

[17]     *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

[18]     *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation omitted).

[19]     *Twombly*, 550 U.S. at 564.

4

reasonable inference that the defendant is liable for the misconduct alleged."[20]

Plausibility "is not akin to a probability requirement," rather plausibility requires

"more than a sheer possibility that a defendant has acted unlawfully."[21]  Pleading a

fact that is "merely consistent with a defendant's liability" does not satisfy the

plausibility standard.[22]  A complaint will not be dismissed unless it appears beyond

a reasonable doubt that the plaintiff can prove no set of facts in support of her

claim that would entitled her to the relief requested.[23]

### B.    FDCPA

#### 1.    Standard Under the FDCPA

In the Second Circuit, the question of whether a debt collector's

conduct violates the FDCPA is determined objectively from the viewpoint of the

"least sophisticated consumer."[24]  The purpose of the least sophisticated consumer

standard is to protect "the gullible as well as the shrewd."[25]  In applying this

---

[20]    *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

[21]    *Id.* (quotation marks omitted).

[22]    *Id.* (quotation marks omitted).

[23]    *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991).

[24]    *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998).

[25]    *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

standard, the court must bear in mind the FDCPA's "dual purpose" — to protect

consumers against deceptive debt collection practices and to protect debt collectors

from unreasonable constructions of their communications.[26]  Thus, the FDCPA

does not aid consumers whose claims are based on "bizarre or idiosyncratic

interpretations of collection notices."[27]

### 2. Section 1692g of the FDCPA

When a debt collector collects on consumer debt, the FDCPA requires

it to provide the consumer with a validation notice.[28]  The notice must state "the

amount of the debt," the name of the creditor, a statement that a debt will be

assumed to be valid unless disputed by the consumer within thirty days from

receipt of the notice, and an offer to verify the debt and provide the name and

address of the creditor if the consumer sends a written request for such

information.[29]  Even if the notice contains all the information required by the

FDPCA, it still violates section 1692g if it also "'contains language that

---

[26] *Id.*

[27] *Clomon*, 988 F.2d at 1320.

[28] *See* 15 U.S.C. § 1692g.

[29] *Id.* § 1692g(a).

6

overshadows or contradicts other language informing a consumer of her rights.'"[30]

### 3. Section 1692e(5) of the FDCPA

While section 1692d of the FDCPA enumerates a number of actions

that are expressly forbidden, section 1692e bars the general use of any "false,

deceptive, or misleading representation or means in connection with the collection

of any debt."[31]  This includes the use of a false threat which is a "threat to take any

action that cannot legally be taken or that is not intended to be taken."[32]  A false

threat exists where the least sophisticated consumer "would interpret the language

to mean that legal action was authorized, likely and imminent."[33]  When a

consumer claims that the debt collector falsely threatens legal action, the court

should examine the clear import of the language to determine whether the least

sophisticated consumer would believe that "legal action has already been or is

about to be initiated and can be averted from running its course only by

---

[30]   *McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)).

[31]   15 U.S.C. §§ 1692d, 1692e.

[32]   *Id.* § 1692e(5).

[33]   *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

7

payment."[34]

### 4.     Section 1692e(10) of the FDCPA

Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[35]  A validation notice is deceptive, and thus violates section 1692(e)(10), if it can reasonably be read to have at least two different meanings, one of which is inaccurate.[36]  "The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under [section] 1692e(10)."[37]

## IV.   DISCUSSION

### A.    Disclosure of the Amount of Debt

Adlam contends that FMS violated section 1692g because the November 2008 letter failed to inform her that the balance could increase over time.[38]  I disagree. The letter meets the least sophisticated consumer standard, as

---

[34]     *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22, 25 (2d Cir. 1989).

[35]     15 U.S.C. § 1692e(10).

[36]     *See Clomon*, 988 F.2d at 1319 (citations omitted).

[37]     *Russell*, 74 F.3d at 35 (citing *Pipiles*, 886 F.2d at 25).

[38]     *See* Compl. ¶¶ 16-17.

8

"even the most unsophisticated consumer would understand that credit card debt accrues interest."[39]

The FDCPA does not require that a debt collection letter warn a consumer that the debt may increase.  Section 1692g(a)(1) only requires that a notice state "the amount of the debt."[40]  Under this section, debt collectors must disclose the amount past due as of the date the letter is sent,[41] not the consumer's overall balance with the creditor.[42]  The November 2008 letter satisfies section 1692g, as it clearly states, "TOTAL BALANCE DUE" and the amount owed as of the date FMS sent it.[43]

Even the least sophisticated consumer would not be confused by this statement of the amount due.  The amount of debt that FMS sought on the date it

---

[39]     *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009).

[40]     15 U.S.C. § 1692g(a)(1).

[41]     *See Miller v. McCalla*, 214 F.3d 872, 875-76 (7th Cir. 2000); *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 203, n.1 (D. Conn. 2007) (collecting cases that have interpreted *Miller* as requiring that the amount of debt to be stated is the amount due on the date a collection letter is sent).

[42]     *See Barnes v. Advanced Call Ctr. Techs.*, 493 F.3d 838, 840 (7th Cir. 2007) ("[T]he 'amount of the debt' must be . . . the amount past due.  Whatever may be owed to . . . Plaintiffs' creditors, is of no consequence."); *Miller*, 214 F.3d at 875 ("The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt.").

[43]     *See* November 2008 Letter at 1.

9

sent the letter was clearly conveyed, and there is no further language in the

November 2008 letter stating that additional charges may apply.[44]

## B.    False Threats Under the FDCPA

Section 1692e(5) states that "a threat to take any action that cannot

legally be taken or that is not intended to be taken" is a prohibited practice.[45]   The

November 2008 letter states, "[t]his is to inform you that the creditor has placed

your account with this agency with the full intention of settling this debt."  Adlam

argues that this constitutes a false threat because FMS returned Adlam's account to

New York & Co., and therefore did not fully intend to settle this debt.  I disagree.

The November 2008 letter does not contain any false threats; in fact, it

does not contain any threat at all.  The letter does not threaten to commence an

action that cannot legally be taken or is not intended to be taken.  Debt collection

letters with language far more threatening have been held to comply with the

---

[44]     *Compare Chuway v. National Action Fin. Servs.*, 362 F.3d 944, 947
(7th Cir. 2004) (holding that collection letter was unclear as to the amount of debt
due, as it stated the balance due but also listed a telephone number for consumer to
call to obtain her most current balance information); *See Miller*, 214 F.3d at 875
(concluding that a debt collection letter which stated the principal balance but
added that the balance does not include accrued unpaid interest and other charges
fails to comply with the FDCPA); *Kolganov v. Phillips & Cohen Assocs., Ltd.*, No.
02 Civ. 3710, 2004 WL 958028, at *3 (E.D.N.Y. Apr. 8, 2004) (holding that listing
a balance while also noting that the balance does not include additional charges
fails to state the amount of debt owed).

[45]     15 U.S.C. § 1692e(5).

10

FDCPA.[46] The language here is similar to the letter analyzed in *Spira v. Ashwood Financial, Inc.*[47] In *Spira*, the debt collection letter stated, "[i]t is our intent to pursue collection of this debt through every means available to us."[48] The *Spira* court held that the letter did not violate section 1692e(5), as it merely advised the consumer that the debt collector may avail itself of its legal options.[49] Similarly, the least sophisticated consumer would interpret the November 2008 letter as merely informing Adlam of FMS's intention to collect the debt.

## C. Deceptive Practices Under the FDPCA

Finally, Adlam argues that FMS also violated section 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect

---

[46] *See, e.g., Madonna v. Academy Collection Serv.*, No. 3:95 Civ. 00875, 1997 WL 530101, at *1, 6 (D. Conn. Aug. 12, 1997) (finding that the"[f]ailure to comply may result in our informing our client that you have refused to cooperate, they may choose to pursue legal action" does not violate sections 1692e(5) and 1692e(10)); *Sebrow v. ER Solutions, Inc.*, No. 07 Civ. 5016, 2009 WL 136026, at *3-4 (E.D.N.Y. Jan. 20, 2009) (concluding that debt collector's statement that it may report consumer's account to credit agencies and that such a report may affect consumer's credit score did not violate the FDCPA); *Knowles v. Credit Bureau of Rochester*, No. 91 Civ. 148, 1992 WL 131107, at *1-2 (W.D.N.Y. May 28, 1992) (concluding that the statement, "FAILURE TO PAY WILL LEAVE OUR CLIENT NO CHOICE BUT TO CONSIDER LEGAL ACTION" does not constitute a threat).

[47] 358 F. Supp. 2d 150 (E.D.N.Y. 2005).

[48] *Id.* at 154.

[49] *See id.* at 159.

11

or attempt to collect any debt or to obtain information concerning a consumer."[50]

As this alleged violation is based on her other claims, all of which lack merit, I

FMS did not violate section 1692e(10).

## V.   CONCLUSION

For the foregoing reasons, FMS's motion to dismiss is granted. The

Clerk of the Court is directed to close this motion (Docket no. 6) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
           April 2, 2010

---

[50]     15 U.S.C. § 1692e(10).

12

## - Appearances -

**For Plaintiff**:
Adam J. Fishbein, Esq.
Law Office Adam Fishbein
483 Chestnut Street
Cedarhurst, NY 11516
(516) 791-4400

**For Defendant:**
Barry Jacobs, Esq.
Abrams, Gorelick, Friedman & Jacobson, P.C.
115 Broadway, 11th Floor
New York, NY 10006
(212) 422-1200